## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

HARMONI TOWERS ASSETCO, LLC, a Delaware limited liability company,

        Plaintiff,

v.

SOLON TOWNSHIP, a Michigan municipal body,

        Defendant.

Case No.  1:25-cv-00708
Hon.  Paul L. Maloney

_____

## CONSENT JUDGMENT

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Harmoni Towers AssetCo, LLC ("Harmoni") is a Delaware limited liability company, which does business in Leelanau County, Michigan.

2. Defendant Township of Solon ("Township") is a municipal body existing under the laws of the State of Michigan.

3. Harmoni has a legal interest in certain property pursuant to a Lease Agreement. The Lease Agreement was executed for the purpose of Harmoni applying for special land use and site plan approval from the Township and for the construction and operation of a wireless communications facility on a portion of the Property (as defined below).

4. This Court has original subject matter jurisdiction over the federal questions asserted herein pursuant to 28 U.S.C. §1331.

5. This Court's federal question jurisdiction arises under the Telecommunications Act of 1996 (the "Act"), specifically 47 U.S.C. §332, and the Constitutional based laws of the United States.

6. The actions or occurrences alleged in the Complaint (ECF No. 1) occurred in Leelanau County, Michigan. The Township is a Michigan municipal body located within this District; therefore, personal jurisdiction exists in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because: (i) the acts giving rise to the claims alleged herein occurred in this District; (ii) the claims involve property located within this District; and (iii) the Township is located in this District.

## FACTUAL BACKGROUND AND NATURE OF THE ACTION

8. Harmoni brought this action, in part, under the Act seeking various remedies arising from the Township's alleged unlawful denial of Harmoni's special land use approval application (the "Application") for the construction and operation of a 199-foot, unlit, wireless communications tower on real property located in the Township ("Proposed Tower").

9. The Application was submitted pursuant to the Township's Zoning Ordinance ("Zoning Ordinance").

10. The subject property is owned by Robert and Stacy Foster (the "Landowners") and is located at 5799 E Gallivan Rd, Cedar, MI 49621 (the "Property").

11. A portion of the Property is leased to Harmoni (the "Leased Premises") pursuant to a Lease Agreement with the Landowners for purposes of construction of a wireless communications tower.

12. Harmoni alleges that the Township's application of the Zoning Ordinance in this instance bars Harmoni from constructing facilities necessary to provide personal wireless communication services to consumers and businesses and public sector users in an area where there is an undisputed significant gap in wireless communication coverage, resulting in an "effective prohibition" of services prohibited by the Act.

13. Harmoni alleges that the Proposed Tower on the Property remedies the identified gap in coverage, and there were not available less intrusive alternative sites where a wireless communications tower could feasibly be located.

14. Harmoni alleges that by denying Harmoni's Application where a gap in coverage exists and less intrusive alternative sites are not available, the Township violated the Act and Harmoni's rights under the United States Constitution.

15. Harmoni has requested that the Court:

A. Compel the Township by affirmative injunction to grant approval of the Application and to approve the proposed wireless carriers for collocation on the Proposed Tower on the Property;

B. Compel the Township by affirmative injunction to issue all permits and other approvals necessary for Harmoni to construct and operate the Proposed Tower on the Property as proposed by Harmoni in the Application;

C. Enter an injunction preventing the Township from interfering with Harmoni's use of the Property for the Proposed Tower on the Property as set forth in the Application;

D. Declare that the Township's denial of the Application was not supported by substantial evidence in a written record as required by the Act;

E. Declare that the Township violated the Act by denying the Application and causing an actual or effective prohibition of required Personal Communications Services ("PCS") in the area affected by the established gap;

F. Declare that the Township violated the Federal Constitution by denying the Application;

  G. Award reasonable attorney fees, costs, and expenses allowed by law, including but not limited to those specifically provided for by 42 U.S.C. §1983 and §1988;

  H. Such other and further relief as this Court deems just and proper.

16. The Township has at all times denied, and continues to deny, the allegations presented by Harmoni and rejects the relief sought.

17. The Parties stipulated to allow Defendant Township additional time to answer the allegations in the Complaint, but the Parties have simultaneously engaged in settlement discussions that have resulted in an agreement before the extended time to answer elapsed.  The settlement has been duly approved at an open session of the Township Board of Trustees, whereby the Proposed Tower and related facilities are to be constructed and operated on the Property at the location of the Leased Premises.

 The Court is otherwise fully advised of the premises.

**NOW, THEREFORE**, it is hereby Ordered and Adjudged as follows:

18. Subject to obtaining permits and approvals in the ordinary course as described below and elsewhere in this Consent Judgment, Harmoni is expressly permitted to construct and operate the Proposed Tower on the Property at the location of the Leased Premises, and Harmoni's Application for special land use and site plan approval as fully described and identified at **Ex. A** is granted in all respects.

19. In accordance with this Consent Judgment, the Township shall issue all permits and approvals necessary in its ordinary course for Harmoni to construct and operate the Proposed Tower on the Property as set forth at **Ex. A**.

20. Aside from enforcing the terms of this Consent Judgment, enforcing the Township's ordinances, and undertaking the process of review, inspection, and approval consistent with this Consent Judgment and applicable building codes and regulations, the Township shall not prevent or obstruct the development, construction, and operation of the Proposed Tower in conformance with this Consent Judgment. The Property will be designated by the Township as having received the special land use and site plan approvals as set forth in **Ex. A**. Except for necessary and customary engineering building approvals and the issuance of permits in the Township's ordinary course, no further Township special land use or site plan application or approval shall be required for the Proposed Tower unless the use of the Property or site plan varies from Harmoni's Application as set forth in **Ex. A**.

21. Such right of development for the Proposed Tower shall be subject to the issuance of all necessary and customary engineering and building approvals and permits after timely review of engineering and construction/building plans by Township administrative departments and consultants without delay and in the ordinary course, but not to exceed 14 days after the Township's receipt of required information from Harmoni. Such administrative review of the Proposed Tower and

engineering plans shall be conducted without delay for the purpose of ensuring that: (a) the Proposed Tower conforms with the terms and provisions of this Consent Judgment, and (b) the Proposed Tower meets applicable safety, engineering, and construction standards under the laws, ordinances and regulations of the Township, the State of Michigan and the United States; provided, however, that, where the express terms of this Consent Judgment deviate from present and future Township ordinances, the terms of this Consent Judgment shall govern.

22. The Township ordinances governing the development approvals for the Proposed Tower shall be those in effect at the time of the filing of the Complaint. Any development of the Proposed Tower and related facilities beyond the scope of development set forth in this Consent Judgment shall be governed by Township ordinances in effect at the time of development.

23. The Township is not responsible for any other approvals Harmoni is required to obtain from any other third parties to construct the Proposed Tower.

24. This Consent Judgment is binding upon the parties hereto, their respective heirs, personal representatives, successors, successors-in-interest, transferees, transferees-in-interest and assigns.

25. The terms and conditions of this Consent Judgment as the same may be amended from time to time, exclusively by written stipulation of the parties and order of the Court, including, without limitation, uses permitted on the Property pursuant

to this Consent Judgment, shall be deemed to run with the land and be for the benefit and burden of the Property and the Township. This Consent Judgment supersedes and replaces any and all prior inconsistent agreements between Harmoni and the Township relative to the Property.

26. Regardless of future Master Plan and/or zoning changes which may occur or affect the Property, the uses permitted hereunder shall not be deemed to be legal non-conforming uses, but rather lawful permitted uses, subject to and in accordance with this Consent Judgment.

27. This Court shall maintain jurisdiction over the implementation and enforcement of this Consent Judgment.

28. This is a Consent Judgment as to the entire dispute between the parties, including all issues set forth in the Complaint. Any subsequent amendment hereto must be in writing and approved as to form and substance by authorized representatives of parties hereto, or their respective heirs, representatives, successors, successors-in-interest, transferees, transferees-in-interest, and assigns, and may be entered by the Court without the necessity of public hearing.

29. The parties to this action represent to this Court that they have read this Consent Judgment, have discussed it with counsel, understand the terms and conditions hereof, and further, hereby agree that this Consent Judgment, or an

affidavit executed by the parties providing notice of this Consent Judgment, shall be recorded with the Leelanau County Register of Deeds.

30. Each person signing this Consent Judgment on behalf of any party hereby represents and warrants that he/she is a duly authorized representative and agent of that respective party, and he/she has full authority to bind said party to all of the covenants, warranties, representations, terms and conditions of this Consent Judgment.

31. Harmoni shall pay to the Township a one-time project impact fee of Five Thousand and 00/100 Dollars ($5,000.00), which shall be paid by wire transfer or check within 30 days of the entry of the Consent Judgment.  Further, Harmoni will screen the Proposed Tower equipment at ground level with landscaping installed at Harmoni's expense. Further, the Tower shall not exceed a height of 199 feet above ground level and shall not be lighted.

32. The terms of this Consent Judgment have been approved by the Township Board at a Meeting held August 14, 2025.

33. Subject to the rights and obligations of the parties under this Consent Judgment, all claims set forth by Harmoni in its Complaint are dismissed with prejudice, without interest, costs or attorney fees to either party, including attorneys' fees that may have been available under 42 U.S.C. § 1988 or any other statute, court rule, or regulation. This Consent Judgment resolves the entire dispute with regard to

all issues and claims set forth in this matter, and all issues and claims that could have been asserted by Plaintiff as of the date of this Consent Judgment relative to the Property.

34.  The terms and conditions of this Consent Judgment shall be appurtenant to the Property. These terms and provisions shall run with the Property as if they were covenants running with the land. The terms and conditions of this Consent Judgment shall inure to the benefit of and be binding on the parties and their respective heirs, successors, successors-in-interest, transferees, transferees-in-interest and assigns, and reference herein to Harmoni and the Township (including reference to the Plaintiff and/or the Defendant, as applicable) shall include their respective heirs, successors, successors-in-interest, transferees, transferees-in-interest, and assigns.

35.  Subject to the continuing jurisdiction of the Court to ensure compliance with this Judgment, this Judgment resolves the last pending claim and closes the case.

**IT IS SO ORDERED**

Dated:  October 16, 2025            /s/  Paul L. Maloney
                                    Paul L. Maloney
                                    United States District Judge

Approved as to form and substance:

*/s/ Richard E. Rassel*
Richard E. Rassel III (P57540)
WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, PC
Attorney for Plaintiff
380 N. Old Woodward Avenue, Suite 300
Birmingham, MI 48009
(248) 642-0333

*/s/ Michael J. Watza*
Michael J. Watza (P38726)
BLOOM SLUGGET PC
Attorney for Defendant
400 Renaissance Center, Ste. 2600
Detroit, MI 48243
(313) 309-7288

Approved as to form and substance:

*/s/ Christopher Comeaux*
Christopher Comeaux as Solon Township Supervisor and the Township Board

*/s/ Kim Calcasola*
Kim Calcasola, Senior Vice President, General Counsel for Harmoni Towers Assetco, LLC